## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action |
| | ) | |
| v. | ) | No. 07-10223-01-MLB |
| | ) | |
| **TODD R. GEHRINGER**, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 2255

Comes now the United States of America, by and through D. Christopher Oakley, Assistant United States Attorney, and responds to the defendant's motion to vacate, set aside, or correct sentence by a person in federal custody, pursuant to 28 United States Code, Section 2255 (Document 73) as follows:

### FACTS

The defendant was convicted, after jury trial, of Count 1, being an unlawful user of a controlled substance in possession of a firearm (from an incident occurring on February 26, 2007); Count 2, possession of marijuana (February 26, 2007); Count 3, possession with intent to distribute 5 grams or

1

more of methamphetamine (December 19, 2006); Count 4,  possession of a

firearm in furtherance of a drug trafficking offense; (December 19, 2006);

Count 5, being an unlawful user of a controlled substance in possession of a

firearm (December 19, 2006); Count 6, possession of marijuana (December 19,

2006); Count 7,  being an unlawful user of a controlled substance in possession

of a firearm (December 3, 2007); Count 8,  possession with intent to distribute

less than 5 grams of methamphetamine (December 3, 2007); Count 9,

possession with intent to distribute 5 grams or more of methamphetamine

(October 10, 2006); Count 10,  being an unlawful user of a controlled substance

in possession of a firearm (May 25, 2007); Count 11, possession of marijuana

(May 25, 2007); and Count 12, possession of methamphetamine (May 25,

2007).

The defendant appealed his convictions to the Tenth Circuit.  *See United

States v. Gehringer*, 2010 WL 2675362 (10th Cir. July 7, 2010).  His petition

for a certiorari was denied by the Supreme Court, 131 S.Ct. 616 (November 15,

2010).  On appeal, the defendant raised  three issues: (1) whether the district

court abused its discretion in refusing to sever counts 3-6; (2) whether there was

sufficient evidence presented at trial to support a conviction, and (3) whether

the district court erred in failing to instruct the jury that Counts 3, 4, and 9

2

require a mandatory minimum sentence. *Id*. at 1  The Tenth Circuit affirmed all issues. *Id*.

In his motion, the defendant attempts to raise twenty six issues.  The vast majority allege defense counsel was ineffective for a particular reason or another.  Additional facts will be set forth as necessary.

**Review Standards**

When reviewing a § 2255 motion, the court presumes the proceedings that led to the defendant's conviction were correct. *Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989).  To prevail, the defendant must show a defect in the proceedings that resulted in a "complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974).

Although the defendant may request a hearing on his motion, he is not entitled to a hearing if the motions, files, and records of the case conclusively demonstrate that he is not entitled to relief. *See Fontaine v. United States*, 411 U.S. 213 (1973).  There is no right to a hearing if the defendant has raised absurd allegations (*see United States v. Donohue*, 558 F.2d 237 (10th Cir. 1972) or if the defendant's allegations are contradicted directly by his testimony in court (*see United States v. Smith*, 844 F.2d 203 (5th Cir. 1988)).  There is also no reason to hold a hearing if the allegations can be resolved by the record. *See*

*United States v. Weidner,* 2006 WL 3480413 *1 (10th Cir. Dec. 4, 2006).

Furthermore, the court may rely upon its own recollections and observations in

determining whether to grant relief.  *Polizzi v. United States*, 926 F.2d 1311

(2nd Cir. 1991).

If a court does not hold a hearing, it does not need to accept as true

allegations that are "unsupported by specifics or wholly incredible in the face of

the record.  *United States v. Estrada*, 849 F.2d 1304, 1307 (10th Cir. 1988).

**Law Regarding an Ineffectiveness of Counsel Claim**s

The defendant claims his counsel was ineffective in various ways.  In

order to succeed on a claim of ineffective assistance of counsel, the defendant

must successfully satisfy each part of the two-pronged test set forth in

*Strickland v. Washington*, 466 U.S. 668 (1984).  Under *Strickland* and its

progeny, it must first be shown that trial counsel "committed serious errors so as

to not be functioning as the 'counsel' provided by the Sixth Amendment"; and

second, the defendant must demonstrate that trial counsel's performance was so

prejudicial to the defense "that there is a reasonable probability that, but for

counsel's unprofessional errors, the results of the proceeding would have been

different."  *United States v. Rantz*, 862 F.2d 808, 810, 811 (10th Cir. 1988).

In *Rogers v. United States*, 91 F.3d 1388 (10th Cir. 1996), the Tenth

4

Circuit discussed the requirements of an ineffective assistance of counsel claim

under § 2255.  The *Rogers* court stated:

> To establish ineffective assistance of counsel, a defendant must show
> (1) that his attorney's performance was deficient and (2) that the
> deficient performance prejudiced his defense.  *Strickland v.
> Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d
> 674 (1984);  *United States v. Cook*, 49 F.3d 663, 665 (10th Cir.
> 1995).
>
> Repentance born of a failed trial or sentencing strategy can
> often be turned against defense counsel.  We recognize that such
> criticism is often converted into a challenge asserting inadequate
> assistance.  Thus, we look for genuine – rather than perceived –
> ineffectiveness of counsel.  Under *Strickland* we first examine
> whether "'counsel made errors so serious that [he] was not
> functioning as the 'counsel' guaranteed the defendant by the Sixth
> Amendment.'" [*United States v. Kissick*, 69 F.3d 1048, 1054 (10th
> Cir. 1995)] (quoting *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064).
> "[A] defendant is entitled to the exercise [of] the skill, judgment and
> diligence of a reasonably competent defense attorney."  <u>Id.</u>
> (quotation and citation omitted).  "Judicial scrutiny of counsel's
> performance must be highly deferential." *Strickland*, 466 U.S. at 689,
> 104 S.Ct. at 2065.  "A fair assessment of attorney performance
> requires that every effort be made to eliminate the distorting effects of
> hindsight, to reconstruct the circumstances of counsel's challenged
> conduct, and to evaluate the conduct from counsel's perspective at the
> time."  *Id*.  We "must indulge a strong presumption that counsel's
> conduct falls within the wide range of reasonable professional
> assistance; that is, the defendant must overcome the presumption that,
> under the circumstances, the challenged action 'might be considered
> sound trial strategy.'" *Id*.  (quoting *Michel v. Louisiana*, 350 U.S. 91,
> 101, 76 S. Ct. 158, 164, 100 L. Ed. 83 (1955)).
>
> Under the prejudice aspect of *Strickland* we inquire whether
> "'there is a reasonable probability that, but for counsel's

> unprofessional errors, the result of the proceeding would have been different.'" *Kissick*, 69 F.3d at 1055 (quoting *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. "However, a court may not set aside a conviction or a sentence solely because the outcome would have been different absent counsel's deficient performance." *Kissick*, 69 F.3d at 1055. "Instead, in order to establish the required prejudice, a defendant must demonstrate that counsel's deficient performance rendered the proceeding 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 368-70, 113 S. Ct. 838, 842-43, 122 L. Ed. 2d 180 (1993)).

*Id.* at 1391-92 (internal citations and quotations omitted).

A court need not determine whether trial counsel's performance was deficient before examining first whether the defendant has established the requisite showing under the second prong requiring prejudice. *United States v. Jones*, 852 F.2d 1275, 1277 (10th Cir. 1988). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *United States v. Taylor*, 832 F.2d 1187, 1194-95 (10th Cir. 1987).

The Supreme Court recognizes "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *United States v. Rantz*, 862 F.2d 808, 810 (10th Cir. 1988). As to the second element of the *Strickland* test, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the

6

trial unreliable or the proceedings fundamentally unfair." *Lockhart v. Fretwell*,

506 U.S. 364, 372 (1993).

**DEFENDANT'S CLAIMS**

**Issue No. 1  "I was denied my 6th Amendment right to have counsel present during custodial interrogation."**

The defendant acknowledges that his *Miranda* rights were read to him, but

alleges he told the officers wanted counsel.  The defendant does not state which of

the five dates in question he believes this violation occurred.

Prior to trial the defendant, through counsel filed several motions, including

a motion to suppress statements (Doc. 18) and memorandum in support (Doc. 19).

The Government replied (Doc. 38) and the Court, after hearing, denied the

motions (Doc. 41).

The defendant's motion to suppress concerned his arrests on February 2,

2007 and December 3, 2007.  On both occasions the defendant was read the

*Miranda* admonition, and agreed to talk to officers.  (See *Order*, Doc. 41 at 5-6).

In denying the defendant's motion, the Court found "The agents told Gehringer

they would stop the interview if Gehringer wanted a lawyer, but Gehringer never

explicitly stated he wanted a lawyer, and when Bradford asked Gehringer if he

wanted to continue to talk, Gehringer never gave a definitive answer and

continued to answer questions."  (*Id*. at 6.)

The Court has previously considered this issue, and concluded the defendant's *Miranda* rights were not violated.  His claim should be summarily denied.

**Issue No. 2  "I was denied my 6th Amendment right to competent counsel in all [phases] of court proceedings."**

The defendant's allegation that he was denied competent counsel is premised upon his assertion that counsel did not tell him he waived his Fifth Amendment rights by testifying.  This is clearly contrary to his statements to the Court at the time of trial.  Outside the presence of the jury, the Court questioned the defendant concerning his awareness of his Fifth Amendment rights.

THE COURT: I appreciate that and that you're saving time. Now, Mr. Gradert indicated in his opening statement that you intend to testify.

DEFENDANT MR. GEHRINGER: Yes, sir.

THE COURT: And that will be up to you and Mr. Gradert at the time, when the time comes; but, for now, so I don't have to send the jury out at the time, you understand that you do not have to testify and that if you do not, I will instruct the jury that that can't be held against you.

DEFENDANT MR. GEHRINGER: I believe it would be in my better interest if I did testify, Your Honor. I think it would be detrimental if I didn't.

THE COURT: All right. So that's your decision.

DEFENDANT MR. GEHRINGER: Yes, sir.

THE COURT: All right. Fair enough.

DEFENDANT MR. GEHRINGER: Not coerced. Fully voluntarily.

THE COURT: Thank you very much. You may be seated.

(*Transcript of trial*, Doc. 63 at 112-13.)

Despite the defendant's assertion that he was not aware that by testifying he gave up his Fifth Amendment rights not to incriminate himself, the decision to testify was his own, and not counsel's.

Further, defendant's allegation that he believed he could testify concerning one of the incidents, but not the other, is rebutted by defense counsel's statements during the hearing on the defendant's motion for severance.  One of the grounds he relied upon for severance was that he would be prejudiced by joinder of all counts because he wanted to testify concerning the incidents that occurred on December 19, 2006 but not the other incidents.  (*See Def's Mem. In Support of Motion to Sever* at 3).

Not only was this issue discussed in the motion and memorandum, but also during the motions hearing on April 28, 2008.

MR. GRADERT: Yes, Your Honor, because basically we're in a situation where if his defense on the incident involving the arrest by the two Wichita police officers on December 19th is I was not the operator

of the vehicle and that the items in the vehicle are not mine, and he wants to testify to that effect, then it will put him at some jeopardy of cross-examination related to his admitted drug addiction on other occasions and that would be an element of the offenses for which he's charged in several other of the counts. And it creates a real bad situation where if the Defendant doesn't want to answer those questions, he might feel compelled to take the Fifth. And my understanding of the law is that the Defendant can't get up there and pick and choose what he wants to testify about. And I hate to do that because I do think that joinder is proper in this case under most circumstances and I'd never really encountered a situation like this before until I discovered that there was some case law to the effect that if a defendant can show that he would be prejudiced by wanting to testify and indicating he was going to testify in one set of circumstances versus the other circumstances, that I believe that he would be entitled to a separate trial on those counts related to, let's see, I think it's Counts 4, 5, 6 and 7, although I may be mistaken because I filed this motion prior to the superseding indictment. But they're the ones related to the December 19th incident.

(*Motion Hearing Transcript*, Doc. 47 at 174-75.)

Clearly the defendant was aware of his Fifth Amendment rights and knew that by testifying he was waiving his right to not incriminate himself.  His claim should be denied.

### Issue No. 3  "Counsel failed to file for a new trial based upon newly discovered evidence for counts 10, 11, and 12."

In his supporting facts related to this allegation, the defendant states, "Counsel knew another person was being charged with the evidence used against Gehringer.  Gehringer was not present at the time of this incident."  The person at the scene of this incident pleaded guilty.  Counsel did not get copies of those court

10

proceedings, file motion, or raise the issue on Direct Appeal as requested." The

defendant then attaches a State complaint charging Dana Elwell filed October 18,

2007, a Record of Trial or Plea from August 13, 2008, and a Journal Entry of

Judgment from the sentencing hearing held October 15, 2008.

Elwell was charged in State Court prior to the defendant's jury trial, held in

June, 2008, but was convicted and sentenced following the trial. The fact Elwell

was facing State charges was not newly discovered evidence. In fact, prior to her

testimony on June 4, 2008, the Government raised the subject, related to

information the Government received that Elwell might attempt to assert her Fifth

Amendment rights if called to testify. (*See Transcript of Trial*, Doc. 63 at 1.)

Elwell's attorney, Christy Jones, also appeared, and indicated Elwell was

attempting to obtain a diversion agreement at the time. (*Id*.) After hearing from

Jones and arguments from the Government and defense counsel, the Court limited

the Government to questioning Elwell to her knowledge about the defendant's

drug usage. (*Id*. at 6.) The Government then elected not to call Elwell. (*Id*.)

Clearly, the fact Elwell was charged with possession of drugs found during

the May 25, 2007 search warrant was known not only to defense counsel, but to

the Government and the Court as well. The fact she was convicted of possession

of methamphetamine based upon the same evidence the defendant was convicted

11

is immaterial. "Constructive possession may be established by circumstantial evidence and may be joint among several individuals." *United States v. Castorena-Jaime*, 285 F.3d 916 (10th Cir. 2002), quoting *United States v. Carter*, 130 F.3d 1432, 1441 (10th Cir. 1997).

**Issue No. 4: "Counsel did not even attempt to demonstrate that defendant was prejudiced and deprived [a fair trial]."**

The defendant's claim of prejudice arises from the fact he was charged with multiple offenses stemming from five different dates. His allegation that counsel failed to raise the issue is patently false. On March 5, 2008 defense counsel filed a Motion for Severance (Doc. 26) and Memorandum in Support (Doc. 27), alleging "...counts 4 through 7 of the Indictment would cause actual prejudice to defendant if tried together with Counts 1, 2, 3 and 8."[1]

The Court denied the defendant's motion. (*Order*, Doc. 41 at 25.)

The defendant's argument that he was counsel was ineffective for failing to raise the severance issue is factually incorrect, and should be summarily denied.

**Issue No. 5: "Counsel failed to challenge Indictment counts 1, 5, 7 and 10 as being Duplicitous. Each count clearly stated in violation of 18 U.S.C. 922(g)(3) and 18 U.S.C. 924(a)(2).**

---

[1]The defendant's motion was filed prior to the Superseding Indictment. At trial, defense counsel argued the motion as it related to the Superseding Indictment. (See Motions Hearing Transcript, Doc. 47 at 176.)

The defendant alleges the indictment charges two distinct crimes because the Indictment references both 18 U.S.C. § 922(g)(3) and 18 U.S.C. § 924(a)(2). The defendant's argument fails, because § 924(a)(2) is not a distinct crime, but is a sentencing provision.  It states, "Whoever knowingly violates subsection (a)(6), (d), (g), (h), (I), (j), or (o) of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both."

The defendant's argument is without merit and should be denied.

**Issue No.6: "Counsel caused undue prejudice to defendant by failing to object to evidence for count 9."**

Count 9 charged the defendant with possession with intent to distribute 5 grams or more of methamphetamine on October 10, 2006.  The charge stems from an incident where the defendant was observed driving a vehicle that was the same color as another vehicle reported stolen.  (*Transcript of Trial* at 24).  As the officer tried to follow the vehicle to see if it was the same make/model, the defendant sped away.  The defendant, who was driving, pulled over to the side of the road and got out of the vehicle before the officer could initiate a traffic stop.  (*Id*. at 27.) A female, Ricky Starks, was the only passenger.  The officer saw the defendant get out of the vehicle prior to approaching the defendant. (*Id*.)  The officer asked the defendant if there were any drugs in the vehicle, and the defendant responded, "I

13

don't think so." (*Id*. at 31.)  When the officer asked what that meant, the defendant said he had used drugs earlier.  The officer found a meth pipe and lighter beside a tree the defendant was standing near.  (*Id*. at 33.) Inside the car the officer found just under 25 grams of meth in a zipper pouch underneath the driver's seat.  (*Id*. at 36-37.)

The defendant does not specifically state why defense counsel's conduct fell below the *Strickland* standard.  The defendant states counsel failed to object to the evidence, however, states no basis for his assertion.  The defendant does not assert that a motion to suppress should have been filed, or under what grounds existed to support such a motion, most likely because none existed.  He could not have contested his seizure, because the defendant voluntarily stopped the car, and got out, before the officer initiated any traffic stop.  He could not have contested the search, which occurred after the officer found the meth pipe and lighter abandoned by the tree, because clearly probable cause existed to search the vehicle.

Defense counsel cross-examined the officer (*Id*. At 47.)  It was defense counsel's strategy to cross examine the officer to support two arguments, (1) the defendant did not possess the methamphetamine for sale, but for his personal use (*Id*. at 54), ("In fact, even with quantity doesn't necessarily suggest that it's -- well, or tell you definitely that it's possessed with an intent to distribute, does

it?"); and (2), that the baggie could have been shoved under the driver's seat by the passenger, Ms. Starks.  (*Id*. at 57.) ( "So you don't have any way of knowing whether or not Ms. Starks might have just shoved that baggy with all that stuff in it that you found under the driver's side, do you?")   This defense was clearly reasonable, since a meth pipe and lighter were found near the defendant.

Because defendant cannot show a motion to suppress would have been successful since there was no Fourth Amendment Violation, the defendant cannot show he was prejudiced.  His claim should therefore be denied.

**Issue No. 7: 'Counsel failed to use documental proof in his possession to properly support Suppression Motion for alleged consent searches on Feb. 26, 2007 and Dec. 03, 2007."**

The defendant argues counsel's performance was deficient because he failed to use the interview transcripts to show the consent searches were "forced and coerced by demands and false promises."  He does not state what statements in the transcripts is different than the evidence presented at the motion to suppress.

Regardless, defense counsel argued the consent was unlawfully obtained due to coercion.  The defendant filed a Motion to Suppress Evidence From Alleged Consensual Searches (Doc. 20) and accompanying memorandum in support (Doc. 21).  The defendant argued the only reason he consented to the searches was because ATF agents promised him he would not be prosecuted.  The

Court denied the motion, finding:

> Gehringer claims (ATF Special Agent) Jones told him he would not
> be prosecuted as a result of anything the agents found during their
> search, but this is not credible testimony because Gehringer admits
> the agents explained to him that it was a violation of federal law to be
> an admitted drug addict in possession of firearms.  It is incredible to
> believe that a federal agent would have explained the circumstances
> that cause violations of a federal law and then promise not to enforce
> that law, despite having Gehringer abandon his guns to Jones."
> (*Order*, Doc. 41 at 15).

The defendant's argument is without merit and should be summarily denied.

**Issue No. 8:  "Counsel caused undue prejudice to defendant by failing to
object to illegally obtained evidence from alleged consent search in counts 1
and 2"**

**Issue No. 9: "Counsel caused unde prejudice by not objecting to all evidence
submitted from alleged consent search of storage unit on Dec. 3, 2007."**

Issues 8 and 9 are essentially the same.  The defendant alleges defense

counsel failed to object to evidence obtained from consent searches on February

26 and December 2007.

The defendant filed a motion to suppress "all evidence seized as a result of

the alleged consent searches that were conducted on February 26, 2007 and

December 3, 2007."  (Doc. 20 at 1.)  The defendant's motion was denied.  (*Order*,

Doc. 41 at 15.)

The defendant does not allege what prejudice resulted from defense

counsel's failure to object to any of the evidence, following the denial of the

motion to suppress.  He cannot meet the second prong of the *Strickland* test.

**Issue No. 10: Counsel failed to object to all evidence submitted for counts 3, 4, 5, and 6 causing undue prejudice.**

Counts 3 through 6 relate to the December 19, 2006 incident.  As discussed

in the Government's response to the defendant's motion to suppress:

Two Wichita Police officers, Jeffrey McVay and Jeremy
Wolfram, were standing outside a business at 610 North West Street
when they observed a white pickup truck back into a pole in the
parking lot of the Homeland grocery store at 640 West Street.  Officer
McVay observed the driver, who had long black hair and was later
identified as the defendant, stick his head out of the driver's side
window as if he were looking to see what he struck.

Both officers drove their patrol cars over to the grocery store
and saw the defendant as he was standing in front of the store.   Upon
contacting the defendant, officers observed that the defendant's eyes
appeared glazed over and that he was unsteady and had poor balance.
Officer Wolfram asked the defendant about striking the sign, and the
defendant said he did not know that he hit the sign.  Later the
defendant alleged that someone else had been driving.

Officer McVay conducted field sobriety testing on the
defendant to determine whether he was too intoxicated to drive. The
field sobriety tests included the horizontal gaze nystagmus test, the
walk and turn test, and the one legged stand test.  Officer McVay
determined that the defendant failed the field sobriety tests.

Officer McVay then placed the defendant under arrest, placed
him in the back of the patrol car, and read the defendant the implied
consent advisory notice required under Kansas law.  [2] The defendant
refused the Officer McVay's request to take a blood test, saying that

---

[2]See K.S.A. 8-1001(f)

he is an addict and would be dirty because he used the day before. Officer Wolfram ran the defendant's drivers license and learned that it had been revoked.

      Officers searched the defendant's truck incident to the his arrest and found a glove sitting on the bench seat of the truck.  Inside the glove was a Cobra .32 caliber handgun.  Next to the glove and gun was a zippered bag.  Inside of the zippered bag were 10.75 grams of marijuana, approximately 42 grams of methamphetamine, numerous plastic baggies, a marijuana pipe, rolling papers and digital scales.

The defendant alleges "evidence was obtained after an illegal arrest on private property."  The defendant seems to allege the arrest was illegal because the arresting officer testified the DUI test he used was not accepted by the State court. He also points out that there were no latent fingerprints found on the evidence collected.

Presumably the defendant's argument concerning the DUI test not accepted by the State court relates to the officer's testimony concerning the horizontal gaze nystagmus (HGN) test.  On cross examination, defense counsel questioned the officer about the test, pointing out it is not admissible in state court.  *(Transcript of Trial* at 121.)

The defendant was not charged with DUI.  Admission of evidence related to the HGN test was admissible as res gestae, to show the officer's reasons for arresting the defendant.  Counsel was not ineffective for failing to object to the

admission of the test.  Even if he were, the admission of the results of the test did
not prejudice the defendant, as he was not charged with DUI.

The defendant's argument that counsel failed to object likewise fails,
because defense counsel filed a motion to suppress evidence related to this
incident.  (*See Motion to Suppress*, Doc. 24).

**Issue No. 11: Counsel failed to preserve my 6th Amendment Due Process
rights to a jury trial for alleged DUI arrest on Dec. 19, 2006 on Direct Appeal.**

The defendant seems to allege that defense counsel was deficient for failing
to file a motion to suppress the evidence seized from the December 19, 2006
incident (described above in Issue 10) because the defendant was not prosecuted
for DUI in State court.  There is no requirement that the charge which causes an
officer to initiate an investigation be actually charged in order for the evidence to
be admissible at trial.

**Issue No. 12: Counsel failed to challenge the legality of alleged traffic stop on
October 10, 2006 at trial on or direct appeal**

The defendant states, "Arresting Officer Cooper testified at trial that he had
not actually effectuated a traffic stop."  Although true, the fact  the defendant
pulled over to the side of the road and got out of his vehicle before the officer was
required to initiate a traffic stop is not helpful to the defendant.  Because there was
no traffic stop, the defense counsel had no grounds upon which to base a motion to

suppress.

**Issue No. 13: Counsel failed to properly support motion to sever several counts of an 8 count Indictment.  Counsel failed (to) renew motion for severance when a 12 count Superseding Indictment was filed causing prejudicial joinder.**

The question of severance was raised by defense counsel and rejected by the Court.  (*See Def's Motion For Severance*, Doc. 27 and *Memorandum and Order*, Doc. 41).  The defendant fails to state what other information counsel should have included in his motion.

Although the motion for severance was filed before the Superseding Indictment which was filed March 5, 2008, the motions hearing was held April 28, 2008, after the Superseding Indictment.  Both the Court and defense counsel were aware of the Superseding Indictment at the time of the motions hearing and the Court's Order filed May 14, 2008.

**Issue No. 14: Counsel failed to challenge all elements set forth by the 12 count [Superseding Indictment] for counts 1, 5, 7, and 10 at trial or on Direct Appeal.**

Similar to his argument made at Issue No.5, the defendant seems to allege 18 U.S.C. § 924(a)(2) is a distinct offense as opposed to merely a sentencing provision.  As argued above, the defendant is wrong.

**Issue No. 15: Counsel failed to challenge all elements to sustain a conviction of a 924(c) (count 4), at trial [or] or direct appeal as requested.**

The defendant argues 18 U.S.C. § 924(c) requires a crime of violence.  This is clearly wrong.  A § 924(c) offense may be predicated upon a crime of violence or a drug trafficking offense.  The statute states:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or ***drug trafficking crime*** (including a crime of violence or ***drug trafficking crime*** that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or ***drug trafficking crime***— .... (emphasis supplied).

Clearly, the defendants allegation that § 924 requires a crime of violence is misplaced.

**Issue No. 16: Counsel failed to challenge all elements to sustain a conviction of a 21 U.S.C. 841(a) at trial or on Direct Appeal.**

The defendant alleges defense counsel "failed to assert that the Government must prove defendant **knowingly** possessed a controlled substance to **have intent** to distribute it." Jury Instruction   No. 8 correctly stated the law.  It stated:

> To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:
> *First*: that on or about December 19, 2006, the defendant knowingly or intentionally possessed methamphetamine as charged;
> *Second*: the defendant possessed the methamphetamine with the intent to distribute it; and
> *Third*: the weight of the methamphetamine defendant possessed was

at least 5 grams (approximately 42 grams) as charged.

Instruction No. 21 further instructed the jury on "knowingly." It said, "An act is done 'knowingly' and intentionally if it is done voluntarily and intentionally, and not because of mistake, or inadvertence, or other innocent reason and not accidently or involuntarily." The jury was correctly instructed. There was nothing for defense counsel to object to.

**Issue No. 17: Counsel caused undue prejudice by failing to request a lessor included offense of simple possession at trial for counts 3, 8, and 9, as requested by me.**

The court instructed the jury that, to find the defendant guilty of counts three, eight, and nine, it must find the defendant "possessed the substance with the intent to distribute it." (*See Instructions Nos. 8, 13, and 14*, Doc. 49 filed 6/9/2008). Clearly the jury found the defendant possessed the drugs with the intent to distribute.

The Court uses a four-part test to determine whether a lesser included instruction should be given, looking at whether: (1) there was a proper request; (2) the lesser included offense includes some but not all of the elements of the offense charged; (3) the elements differentiating the two are in dispute; and (4) a jury could rationally convict the defendant of the lesser offense and acquit him of the

greater offense. *United States v. McGuire*, 200 F.3d 668, 673 (10th Cir. 1999).

The defendant contested all the elements of the crimes against him at trial. Having been charged with being an unlawful user of a controlled substance in possession of a firearm, along with the possession with intent to distribute charges, he would not have conceded he possessed the drugs for his personal use, without harming his defense on the firearms charges.

Further, the evidence the defendant possessed the drugs with intent to distribute was overwhelming. During the October 10, 2006 incident the defendant was found with four individually wrapped baggies of methamphetamine, digital scales, a meth pipe, and $4800 in cash. (*Transcript of Trial* at 37). During the December 19, 2006 incident, the defendant was found with approximately 42 grams of methamphetamine, numerous plastic baggies, digital scales, and a loaded handgun. During the December 3, 2007 incident, the defendant had four individually wrapped baggies of methamphetamine and a baggie of marijuana which he threw when he ran from ATF agents.

Here, the decision not to request a lesser included offense instruction falls within the wide range of reasonable professional representation. *See United States v. Hall*, 843 F.2d 408, 413 (10th Cir. 1988). Further, even if the decision was deficient, the defendant cannot demonstrate the alleged deficiency deprived him of

a fair trial.  *Id*., citing, *Strickland*, 466 U.S. at 687.

**Issue No. 18:  Counsel failed to object to a 2 point offense level enhancement in the PSR at sentencing or on Direct Appeal as requested.**

The defendant's concern is with a two level enhancement for "allegedly fleeing Law Enforcement."  The two level enhancement was based upon U.S.S.G. § 3C1.2, which provides for an enhancement "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer."

There were two occasions where the defendant ran from the police.  The first occurred February 2, 2007. The presentence report (PSR) described the incident:

> On February 2, 2007, Kansas Highway Patrol (KHP) Trooper Waller attempted to stop a pickup, being driven by the defendant, after a check revealed the vehicle's tag had been reported stolen.  Trooper Waller initiated his emergency lights and siren.  The defendant failed to stop and led Troopers on a pursuit through numerous neighborhoods.  During this pursuit, the defendant failed to stop at numerous stop signs, drove in the middle or on the wrong side of the street, and drove over a curb through a parking lot and grass back onto the roadway, cutting across traffic.  Speeds during this pursuit, which occurred primarily in a residential neighborhood were between 40 mph and 70 mph.  Reports prepared by KHP Troopers note that a portion of this pursuit occurred on streets, which were covered with snow and ice.  According to reports, the defendant nearly lost control of his vehicle several times, almost struck an occupied vehicle, after running a stop sign, and nearly struck another occupied vehicle while traveling down the wrong side of the roadway.
> The defendant bailed out of the pickup, while it was still moving, causing the truck to spin out of control, jump a curb and

24

come to rest in a yard.  KHP Troopers pursued the defendant, who
fled on foot.  Troopers observed the defendant remove a black object
from his person and discard it.  This object which was later recovered
was determined to be an electronic scale.  The defendant ran from
troopers out of the residential neighborhood toward the Arkansas
River.  Mr. Gehringer attempted to cross the Arkansas River, which
was covered in a thin sheet of ice.  However, he slipped and fell
through the ice a short distance from the river bank.  Troopers
ordered the defendant out of the water and placed him under arrest.
The defendant refused medical treatment and was transported to the
Sedgwick Co. Detention Facility...

*PSR* at 8.

The second occurred March 23, 2007.  As described in the PSR:

On March 23, 2007, WPD Officers Ohmart and Forred observed a
vehicle, which had been reported stolen, in the parking lot of a Quik
Trip in Wichita, Kansas.  Officers followed this vehicle briefly before
attempting to conduct a traffic stop by initiating their emergency
lights and siren.  The vehicle, which was being driven by Mr.
Gehringer, failed to yield and led officers on a vehicle pursuit through
a residential neighborhood, onto a state highway, and back into a
residential neighborhood.  During this pursuit, speeds reached in
excess of 70 mph, however there was very little traffic due to the time
of day (12:30 a.m.) And the roadways were clear.  Officers noted the
vehicle nearly spun out several times as it swerved across the
roadway entering the grassy median and ditch on a number of
occasions.

*PSR* at 10.

Either incident would qualify under U.S.S.G. § 3C1.2, but most certainly the

February 2, 2007 incident, where the defendant sped through residential

neighborhoods, disobeying stop signs, traveling on the wrong side of the road, and

then abandoning his car while it was still moving.   Defense counsel was not

defective for failing to object to the two level enhancement.

**Issue No. 19: Counsel failed to challenge the validity of the Dec. 03, 2007 search warrant at trial or Direct Appeal as requested.**

The defendant alleges the information contained in the search warrant affidavit is invalid because it was "substantiated by a person on probation." He cites no justification for this assertion, other than what appears to be a copy of model conditions of probation prepared by Matthew Bender & Company. Assuming the defendant is correct and the search warrant affidavit contained information provided by someone on probation and such act was a violation of the informant's conditions of probation, this is not a grounds for a suppression motion.

The defendant's motion does not specify whom he believes violated their probation. However, a review of the affidavit for search warrant in case 07-M-6351-DWB at paragraph 12, reveals a discussion of one person who was arrested for an active warrant for a probation violation. That person was interviewed and provided information about items he saw in the defendant's house the day before. The affidavit specifically sets out the arrest was for a probation violation. Therefore, the magistrate was aware of the fact that the informant was on probation and had allegedly violated their probation. There was nothing for

defense counsel to raise in a suppression motion regarding this fact.

**Issue No. 20: Counsel failed to challenge the legality of the Dec. 3, 2007, search warrant at trial or on Direct Appeal as requested.**

The defendant alleges the search warrant was invalid because it was not active until December 7, 2007.  He bases this assertion on the search warrant which says, "search on or before Dec. 17, 2007, not to exceed 10 days."   There is no question the search warrant was executed within 10 days of its issuance, as required by Rule 41[3].   At the time the search warrant was issued[4], Rule 45 of the Federal Rules of Criminal Procedure stated:

(a) Computing Time.  The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
(1) Period Stated in Days or a Longer Unit.  When the period is stated in days or a longer unit of time:
(A) exclude the day of the event that triggers the period;
(B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
(C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Therefore, under the Rules as they existed at the time, ten days from December 3, 2007 (which was a Monday), excluding December 3 (the day that

---

[3] Rule 41 now allows 14 days, having been amended in 2009.

[4] Rule 45 was amended in 2009.

triggered the event), and December 8, 9, 15 and 16 (which were all Saturdays or

Sundays), is December 17, 2007.  The defendant's allegation is factually incorrect,

and should be summarily denied.

**Issue No. 21: Counsel failed to contest or challenge forfeiture allegation set forth in the superseding indictment as requested.**

Although the Indictment did contain a forfeiture allegation, the Government

forfeited the property through means other than a criminal forfeiture.

The firearms were forfeited administratively by the ATF on August 26,

2011.  The money was forfeited in a civil case, 08-1208.  Default judgment was

obtained in that case March 16, 2009.  Because forfeiture did not occur in the

instant case, the defendant's argument is without merit.

**Issue No. 22: Counsel failed to properly support Motion to Dismiss Indictment due to Pre-Indictment Delay in court proceedings when he had documental evidence in his possession.**

The defendant states, "Special Agent Mike Jones testified that he delayed

prosecution in an attempt to make the defendant into an informant.  Counsel would

not raise this on Direct Appeal as requested."  The defendant cannot rely upon the

testimony of Special Agent Jones as evidence defense counsel failed to use to

support the motion to dismiss--the fact agent Jones testified necessarily means the

Court was aware of the information and nevertheless denied the defendant's

motion.  The Court's ruling on Defendant's Motion to Dismiss (*Motion*, Doc. 21; *Order*, Doc. 41 at 16-20) is a correct statement of the law.  The defendant cannot show he would have been successful on appeal, and therefore cannot show he was prejudiced by counsel's allegedly deficient conduct.

**Issue No. 23: Counsel made conflicting and damaging statements in all trial proceeding about defendant causing irreparable prejudice to the defendant.**

Four of the statements the defendant complains about were made at either a detention hearing or pretrial hearings.  Obviously they were not considered by the jury in determining the defendant's guilt and are therefore irrelevant.

He complains about two statements made to the jury.  First, "Counsel incorrectly implies (in front of jury) that defendant was involved in a burglary of firearms in White Water, Kansas and the other person received a 20 year sentence."  Second, "Counsel raised the issue that defendant had been found with cocaine and never prosecuted.  These facts were neither admitted by defendant or found by a jury."

The defendant does not cite the location in the trial transcript where these comments were allegedly made.  However, even assuming defense counsel made such statements, the evidence against the defendant was overwhelming.  His guilt was proved and he cannot show prejudice

He also complains about the following statement made to the court at sentencing, "Mr. Gehringer is not a big time dealer, he's just a small time dealer trying to support his habit."  This statement, in light of the jury's verdicts of guilty to all charges, was not inappropriate and was clearly an effort to mitigate the defendant's conduct.

**Issue No. 24: Counsel cause undue prejudice on Direct Appeal and Petition for Certiorari by adding three additional alleged incidents that are not related to the case on review.**

The defendant seems to complain that the statement of facts of his appellate brief contained facts of the July 2006, February 2007, and March 2007 incidents, even though no appellate issue directly relates to those incidents.  He can show no harm resulting from the inclusion of those events, and therefore cannot establish the second prong of the *Strickland* test.  His claim should be summarily denied.

**Issue No. 25: Counsel failed to assert Prosecutorial Misconduct for vindictive prosecution by combining five separate incidents with 12 counts to gain a tactical advantage in prosecution at trial.**

Presumably defense counsel did not raise this issue because there is no legal basis upon which to claim prosecutorial misconduct for filing multiple incidents in the same indictment.  The defendant's claim the evidence as "tainted or illegally obtained" has previously been addressed.

**Issue No. 26: Counsel failed to assert that the Government forfeited their right to prosecute defendant for counts 1 and 2 in a criminal court.**

The defendant's theory that the "Notice of Abandonment" form signed by the defendant bars the government from prosecuting him for any criminal conduct. The document, titled "Notice of Abandonment of Property," was signed by the defendant, and states the defendant "voluntarily abandon[s] all rights and claim to" followed by a list of firearms and book containing marijuana.   Presumably defense counsel did not assert that the document bars the Government from prosecuting the defendant because it clearly does not do so.  The defendant's argument is without merit.

**<u>Conclusion</u>**

Based upon the above and foregoing the defendant's motion should be denied.

Respectfully submitted,

BARRY R. GRISSOM

  s/ D. Christopher Oakley #19248
D. Christopher Oakley
Assistant United States Attorney
District of Kansas
500 State Ave., Suite 360
Kansas City, Kansas  66101
Phone:  (913) 551-6730
Fax: (913) 551-6541

chris.oakley@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 21st day of November, 2011 I electronically filed the foregoing with the clerk of the court by using the CM/ECF system. Additionally, I sent via first class mail, postage prepaid, the foregoing to:

Todd R. Gehringer
FCI Memphis
Prisoner No. 08100-064
P.O. Box 34550
Memphis, TN 38134

s/ D. Christopher Oakley
D. Christopher Oakley
Assistant U.S. Attorney